IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEMETRUS DONYELL PORTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-376-MHT-KFP |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Demetrus Donyell Porter is before the Court with his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. Doc. 1.[1] For the reasons discussed below, the Court **RECOMMENDS** that Porter's § 2255 motion be denied without an evidentiary hearing and that this case be **DISMISSED** with prejudice.

**I.   BACKGROUND**

On August 28, 2018, Porter pleaded guilty under a plea agreement to Count 1 of the indictment, possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Doc. 7-5. In exchange for Porter's guilty plea, the government agreed to recommend a sentence at the bottom of the advisory Sentencing Guidelines range, to be calculated by the district court at sentencing, and to move at sentencing for dismissal of Count 2 of the indictment, which charged Porter with a second violation of § 922(g)(1).

---

[1] References to document numbers of the pleadings, motions, and other materials in the Court file in this § 2255 action, as assigned on the docket sheet by the Clerk of Court, are designated as "Doc." Pinpoint citations are to the pages of the electronically filed documents in the Court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

Doc. 7-3 at 2–3. The plea agreement contained an appeal and collateral-attack waiver that excepted claims of ineffective assistance of counsel and prosecutorial misconduct. Doc. 7-3 at 6. A sentencing hearing was held on December 6, 2018, after which the district court sentenced Porter to 84 months in prison for the felon-in-possession offense charged in Count 1. Doc. 7-6.[2]

Porter appealed, arguing that the district court erred at sentencing by considering, as part of his relevant conduct, evidence of firearms seized from his home during a May 8, 2018 search. The evidence from that search underlay Count 2 of the indictment and was the subject of a successful pretrial suppression motion by the defense. On September 24, 2019, the Eleventh Circuit dismissed Porter's appeal based on the appeal waiver in his plea agreement. Doc. 7-9; *see United States v. Porter*, 777 F. App'x 970 (11th Cir. 2019). Porter did not petition the U.S. Supreme Court for a writ of certiorari.

On May 27, 2020, Porter, proceeding pro se, filed this § 2255 motion with the following claims:

1.  His counsel was ineffective at sentencing by failing to object to the presentence report's calculation of his advisory Guidelines range.

2.  The government breached the plea agreement by failing to object to the presentence report's calculation of his advisory Guidelines range.

3.  He is entitled to vacatur of his felon-in-possession conviction based on the Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because (a) the indictment did not allege he knew his status as a convicted felon when he possessed the firearm, and (b) he was not informed when pleading guilty that a conviction under 18 U.S.C. §

---

[2] As promised, the government moved at sentencing for dismissal of Count 2, and the district court dismissed that count. Doc. 7-6 at 13.

>922(g)(1) requires that he knew his status as a convicted felon when he possessed the firearm.

Doc. 1; Doc. 1-1 at 3–17.

## II. LEGAL STANDARD FOR § 2255 MOTIONS

A prisoner may have relief under § 2255 when the trial court imposes a sentence that: (1) violates the Constitution or laws of the United States; (2) exceeds its jurisdiction; (3) exceeds the maximum authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *McKay v. United States*, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). "Relief under . . . § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). If a court determines that a prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The burden of establishing that vacatur of a conviction or sentence is appropriate falls upon the petitioning prisoner. *See Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

## III. REVIEW OF CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for

3

counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id.* at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

IV.   DISCUSSION

   A.   **Counsel's Failure to Object to PSR's Guidelines Calculations**

Porter claims his counsel rendered ineffective assistance at sentencing by failing to object to the calculation of his advisory Guidelines range in the presentence report ("PSR"), which was adopted by the district court. Doc. 1 at 4; Doc. 1-1 at 3–5. According to Porter, the PSR miscalculated his advisory Guidelines range by: (1) including the firearms he possessed on May 8, 2018, as "relevant conduct" under U.S.S.G. § 1B1.3; and (2) increasing his criminal history score by two points under U.S.S.G. § 4A1.1(d) based on his commission of his instant offense while under a criminal justice sentence (imposed by an Alabama state court) for unlawful distribution of a controlled substance. Doc. 1-1 at 3–5. Porter argues that his firearm possession on May 8, 2018, should not have been considered as relevant conduct because the district court had previously granted his motion to suppress this evidence. Doc. 1-1 at 3–5. And he argues that his state controlled-substance conviction should not have been used to increase his criminal history score because, although his instant offense occurred on February 8, 2018, he was not sentenced for the state conviction until April 5, 2018. Doc. 1-1 at 4. Porter claims his counsel was ineffective for failing to raise these arguments.

5

Porter's assertions about his counsel's actions during sentencing are factually incorrect. The record demonstrates that Porter's counsel, Preston L. Presley, presented objections at sentencing on the same grounds that Porter now urges. The PSR reflects that Presley objected to paragraph 23 in the PSR, wherein Porter's calculated offense level was increased by four points (pursuant to U.S.S.G. § 2K2.1(b)(1)) because the offense involved at least eight firearms. Doc. 7-1 at 23; *see* Doc. 7-1 at 7, ¶ 23. Presley argued that the firearms seized from Porter's home on May 8, 2018, were—but should not have been—included as relevant conduct in the PSR to reach the "at least eight firearms" total, because the district court had earlier granted the defense's motion to suppress that evidence. Doc. 7-1 at 23. Presley also objected to paragraph 49 in the PSR, wherein two points were added to Porter's criminal history score, pursuant to U.S.S.G. § 4A1.1(d), because Porter committed the instant offense while under a criminal justice sentence, specifically, the state controlled-substance conviction for which Porter was sentenced on April 5, 2018. Doc. 7-1 at 23; *see* Doc. 7-1 at 13, ¶ 49. Presley argued that because the evidence seized on May 8, 2018, was suppressed, Porter was not under a criminal justice sentence in the state case when he committed his instant offense on February 8, 2018. Doc. 7-1 at 23. At Porter's sentencing hearing, Presley reasserted his objections to paragraphs 23 and 49 in the PSR. Doc. 7-6 at 3–6. The district court, after considering Presley's arguments and those of the U.S. Attorney, overruled Presley's objections. Doc. 7-7 at 7.

Because the record demonstrates that Presley did in fact object to the calculation of Porter's advisory Guidelines range in the PSR on the same grounds Porter asserts in his § 2255 motion, Porter fails to show that his counsel's performance was deficient or that he

was prejudiced by any allegedly deficient performance. Consequently, he is entitled to no relief on his claims of ineffective assistance of counsel.

### B.     Government's Breach of Plea Agreement

Porter claims the government breached the plea agreement by failing to object to the PSR's calculation of his advisory Guidelines range. Doc. 1 at 5; Doc. 1-1 at 6–8. According to Porter, the government breached a term of the plea agreement by which the government agreed to recommend a sentence at the bottom of the advisory Guidelines range when it failed to object at sentencing to the PSR's inclusion of the firearms Porter possessed on May 8, 2018, as relevant conduct under U.S.S.G. § 1B1.3. Doc. 1-1 at 6–7.

Porter's argument appears to be an attempt to circumvent the appeal and collateral-attack waiver in his plea agreement, under which he waived his right to challenge his sentence in an appeal or a § 2255 motion, with exceptions carved out for claims of ineffective assistance of counsel and prosecutorial misconduct. Generally, claims of prosecutorial misconduct focus on actual misconduct—not disagreements over the findings in a PSR.[3] Porter's "breach" claim contains none of the characteristics of a colorable claim of prosecutorial misconduct. Rather than alleging a real instance of misconduct, he merely challenges the findings in the PSR and asserts that the government acted improperly by

---

[3] Examples of prosecutorial misconduct include things such as "'keep[ing] information from [the defendant] that the law says [the government] must disclose,' 'hid[ing] information,' 'not disclos[ing] exculpatory information,' and 'suborn[ing] perjury.'" *United States v. Gilbert*, 198 F.3d 1293, 1304 (11th Cir. 1999). Where a claim of prosecutorial misconduct is premised on allegedly improper remarks by the prosecutor, to find prosecutorial misconduct, a two-element test must be met: "'(1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant.'" *United States v. Gonzalez*, 122 F.3d 1383, 1389 (11th Cir.1997) (quoting *United States v. Eyster*, 948 F.2d 1196, 1206 (11th Cir.1991)).

7

failing to make the same argument he makes or to adopt the arguments of his counsel at sentencing. Porter has tried to backdoor into his § 2255 proceeding a challenge to his sentence that was previously litigated in the district court and is barred from further review by the waiver provision in his plea agreement.[4]

Whether the claim is barred by the waiver provision, Porter fails to show that the government breached the plea agreement. The plea agreement specifically states that "the government agrees to recommend a sentence of no greater than the bottom, that is, the lowest number, of the advisory Guideline range, *as calculated by the Court at the sentencing hearing*." Doc. 7-3 at 2 (emphasis added). Regarding the district court's calculation of the advisory Guidelines range, the plea agreement states:

> The defendant understands that the Court is neither a party to nor bound by this agreement. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the Court will determine the advisory Guidelines range and sentence. The defendant acknowledges that the defendant and the defendant's attorney have discussed the advisory Guidelines and the statutory sentencing factors set forth in 18 U.S.C. § 3553(a) and the defendant understands how those provisions may apply in this case. The defendant further understands that the defendant will have no right to withdraw a guilty plea on the basis that the Court calculates an advisory Guidelines range that differs from the range projected by the defense attorney or the government.

---

[4] The plea agreement contained an appeal and collateral-attack waiver under which Porter waived his right to challenge his sentence in an appeal or a § 2255 motion. Doc. 7-3 at 6. An appeal waiver or collateral-attack waiver is valid if entered knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350–55 (11th Cir. 1993). To enforce such a waiver, the government must demonstrate either that (1) the court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record shows that the defendant otherwise understood the full significance of the waiver. *Id*. at 1351. The transcript of Porter's change of plea hearing shows that the magistrate judge specifically questioned him about the waiver provision in the plea agreement and confirmed, through Porter's affirmative answer, that Porter understood he was waiving his rights to later challenge his sentence, whether by appeal or collateral attack, except on grounds of ineffective assistance of counsel or prosecutorial misconduct. Doc. 7-5 at 8. Thus, the record establishes that Porter's waiver of his collateral-attack right was knowing and voluntary. *Bushert*, 997 F.2d at 1351.

Doc. 7-3 at 8.

The district court sentenced Porter to 84 months in prison—i.e., the lowest number of the calculated advisory Guidelines range of 84 to 105 months. Doc. 7-6 at 7–11. Porter has pointed to no breach of the plea agreement by the government. He is entitled to no relief on this claim.

### C.     Claims Under *Rehaif*

Porter claims he is entitled to vacatur of his felon-in-possession conviction based on the Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because (1) his indictment did not allege he knew his status as a convicted felon when he possessed the firearm, and (2) he was not informed when pleading guilty that a conviction under 18 U.S.C. § 922(g)(1) requires that he knew his status as a convicted felon when he possessed the firearm. Doc. 1 at 7–8; Doc. 1-1 at 8–17.

Under 18 U.S.C.§ 922(g)(1), it is unlawful for any person "who has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." A related provision, § 924(a)(2), adds that anyone who "knowingly violates" the prohibition shall be fined or imprisoned for up to 10 years. Before *Rehaif*, to secure a felon-in-possession conviction under § 922(g)(1), the government thus had to prove that (1) the defendant "knowingly possessed a firearm," (2) the defendant was "previously convicted of an offense punishable by a term of imprisonment exceeding one year," and (3) the firearm "was in or affecting interstate commerce." *See, e.g., United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir.

2008). In *Rehaif*, however, the Supreme Court extended the knowledge requirement to the second of those factors, and the government must now prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm" at the time of possession. *Id*. at 2195–96, 2200. *Rehaif* requires that the government prove that the defendant knew his status as a convicted felon when he possessed the firearm. "It does not require the government to prove that the defendant knew that being a felon prevent[ed] him from possessing a firearm." *Lackland v. United States*, No. 2:20-cv-8013-CLM, 2021 WL 50775, at *3 (N.D. Ala. Jan. 6, 2021).

Porter contends that his indictment was legally insufficient because it did not include the additional mens rea element identified in *Rehaif*. According to Porter, the district court lacked jurisdiction to accept his guilty plea to the legally insufficient indictment (*see* Doc. 1-1 at 8–12), and the government lacked jurisdiction to bring forth an indictment that was legally insufficient (*see* Doc. 1-1 at 14–17). Porter also argues that his conviction should be set aside because he was not informed at the guilty plea hearing that a conviction under § 922(g)(1) requires that he knew his status as a convicted felon when he possessed the firearm. Doc. 1-1 at 11–12. The government argues that Porter's *Rehaif*-based claims are procedurally defaulted. Doc. 7 at 18–22.

### 1. Procedural Default

Before presenting a claim in a § 2255 motion, a petitioner generally must advance a challenge to that claim on direct appeal. *Lynn,* 365 F.3d at 1234. If a petitioner fails to raise the claim on direct appeal, then it is considered procedurally defaulted. *See Carlyle v. United States*, 836 F. App'x 780, 783 (11th Cir. 2020) (applying the procedural default

10

rule to a *Rehaif* claim based on an alleged involuntary guilty plea). If the procedural default is not waived by the government, a court can excuse procedural default only in two circumstances: when the petitioner demonstrates (1) cause for the default and actual prejudice from the alleged error or (2) actual innocence. *Lynn*, 365 F.3d at 1235; *Bousley*, 523 U.S. at 622.

Here, Porter did not raise his *Rehaif* claims on direct appeal. Rather, he has presented the claims for the first time in his § 2255 motion, and the government has not waived procedural default as a defense. *See* Doc. 7 at 18–22. Therefore, the court must determine whether Porter has shown that one of the exceptions to procedural default applies.

    2.  **Exceptions to Procedural Default**

      a.  ***Cause and Prejudice***

"'[C]ause' excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct." *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992). A petitioner may demonstrate cause where a "claim is so novel that its legal basis is not reasonably available to counsel," *Bousley*, 523 U.S. at 622–23 (citing *Reed v. Ross*, 468 U.S. 1, 16, (1984)). "In contrast, a claim is not novel when counsel made a conscious choice not to pursue the claim on direct appeal because of perceived futility, or when the building blocks of the claim were available to counsel." *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020).

When Porter was convicted, a "*Rehaif* [argument] was not 'truly novel' in the sense necessary to excuse procedural default." *Innocent*, 977 F.3d at 1084. "'[T]he question presented in *Rehaif* has been thoroughly and repeatedly litigated in the courts of appeals for decades, and as such, it does not qualify under the novelty exception' to the procedural default rule." *United States v. Easley*, No. 1:15-243-KD-B, 2021 WL 2653252, at *6 (S.D. Ala. June 28, 2021) (quoting *Anderson v. United States*, No. 19-24903-CIV-Martinez/Louis, 2020 WL 5803327, at *3 (S.D. Fla. Sept. 8, 2020)). *See also Davis v. United States*, No. 4:15-CR-19-CDL-MSH, 2021 WL 4768638, at *5 (M.D. Ga. July 12, 2021) (discussing numerous cases in this circuit holding that a *Rehaif* claim is not "truly novel" to provide cause to excuse procedural default).

But even if Porter could show cause, there is no evidence of actual prejudice. To establish actual prejudice, the petitioner "must show that the error worked to his 'actual and substantial disadvantage,' not merely 'the possibility of prejudice.'" *Carlyle*, 836 F. App'x at 783 (quoting *Bane*, 948 F.3d at 1297). When it comes to the knowledge-of-status requirement of § 922(g)(1), "[t]he government's obligation to prove knowledge is not 'burdensome' and it may be inferred from circumstantial evidence." *Id*. (citing *Rehaif*, 139 S. Ct. at 2198). The record here contains ample evidence that Porter knew of his status under § 922(g)(1), and there is no evidence in the record suggesting that Porter would have decided not to plead guilty had he been informed of the knowledge-of-status requirement. Porter has shown neither cause nor prejudice to excuse his procedural default.

12

**b.**     *Actual Innocence*

Porter does not claim that he is actually innocent of the offense of which he was convicted, but even if he had, such a claim would be implausible. The actual-innocence exception is exceedingly narrow and reserved only for extraordinary cases. *McKay*, 657 F.3d at 1198–99. Actual innocence is more than mere legal insufficiency; it requires factual innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *McKay*, 657 F.3d at 1197. To establish actual innocence, a petitioner must show that, considering new reliable evidence not presented at trial, "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To prove actual innocence on a § 922(g)(1) conviction after *Rehaif*, a petitioner must show that he had no knowledge of being a convicted felon when he possessed the firearm. 139 S. Ct. at 2200; *Hatcher v. United States*, No. 2:19-cv-8053, 2022 WL 4474915, at *2 (N.D. Ala. Sept. 26, 2022). However, "most people convicted of a felony know that they are felons." *United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020). And "someone who has been convicted of felonies repeatedly is especially likely to know he is a felon." *Id.* (citing *United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019)).

Porter's PSR reflects that when he committed his instant offense, he had three prior felony controlled-substance convictions in Alabama state court—in May 2007, May 2011, and June 2016—for which he received 24-month, 13-month, and 15-month suspended sentences with probationary terms of 12 to 13 months. *See* Doc. 7-1 at 11, ¶ 43 ; *id*. at 12, ¶¶ 45–46. The Explanation of Rights and Plea of Guilty form in Porter's May 2011 conviction, which was signed by Porter, states that the conviction (for first-degree

13

possession of marijuana) is a Class C felony and further notes that Porter had a prior felony conviction. Doc. 7-11 at 3. The Explanation of Rights and Plea of Guilty form in Porter's June 2016 conviction, also signed by Porter, states that the conviction (for possession of a controlled substance) is a Class C felony and notes that Porter had two prior felony convictions. Doc. 7-12 at 2. At Porter's change of plea hearing in the instant case, the magistrate judge asked Porter's counsel, Mr. Presley, to discuss the elements of Count 1 with Porter so the court could determine if there was a factual basis for Porter's guilty plea. Doc. 7-5 at 10. The following exchange occurred:

> MR. PRESLEY: And you would agree with me that on February 8th of 2018, you had at least one felony conviction from Montgomery County state court?
>
> THE DEFENDANT: Yes.
>
> MR. PRESLEY: And you knew that you were not—you were not to possess any firearms?
>
> THE DEFENDANT: Yes.

Doc. 7-5 at 11.

Based on this record—where (1) Porter was convicted of multiple prior felonies and sentenced to terms of over one year in three cases; (2) Porter signed guilty plea forms in two of those prior cases where the forms clearly stated Porter's conviction in each case was a felony and that he had previously been convicted of a felony; (3) Porter admitted at his change of plea hearing here that he knew he was prohibited from possessing a firearm when he committed his offense; (4) Porter supplies no "new evidence" of his innocence; and (5) Porter fails to forthrightly claim that he did not know he was a convicted felon when he possessed the firearm—Porter cannot satisfy the exceedingly narrow actual-innocence

exception to procedural default. "A *Rehaif* error, without more, does not establish actual innocence." *See United States v. Sanders*, No. 4:17-cv-359, 2020 WL 1876335, at *2 (N.D. Fla. Apr. 15, 2020) (citing *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019)).

Because Porter fails to demonstrate cause and prejudice or actual innocence to excuse his procedural default, his *Rehaif* claims are subject to no further review.

### D. Porter's Rehaif Claims Fail on the Merits.

Even if Porter's *Rehaif* claims were not procedurally defaulted, he still would not be entitled to relief.

#### 1. Defect in Indictment

The Eleventh Circuit has held that omission of the knowledge-of-status element from an indictment alleging a violation of § 922(g)(1) is not a fatal jurisdictional defect if the language of the indictment sufficiently tracks the language of the statute. *See United States v. Morales*, 987 F.3d 966, 978–79 (11th Cir. 2021); *United States v. McLellan*, 958 F.3d 1110, 1118 (11th Cir. 2020); *United States v. Moore*, 954 F.3d 1322, 1333, 1336–37 (11th Cir. 2020). Count 1 of Porter's indictment stated as follows:

> On or about February 8, 2018, in Montgomery County, within the Middle District of Alabama, the defendant, DEMETRUS DONYELL PORTER, having been previously convicted in a court of a crime punishable by imprisonment for a term in excess of one year, did knowingly possess firearms and ammunition, in and affecting interstate and foreign commerce, that is: two Taurus, model PT945, .45 caliber pistols; a Ruger, model 10/22, .22 caliber rifle; a Taurus, model 327, .357 caliber revolver; and a Cobra, model CB38, .38 caliber pistol, and live ammunition, better descriptions of which are unknown, in violation of Title 18, United States Code, Section 922(g)(1).

Doc. 7-2 at 1. Although the indictment did not explicitly allege that Porter knew of his status as a convicted felon, it did track—and directly reference—18 U.S.C. § 922(g)(1), which provides that "[i]t shall be unlawful for any person . . . who has been convicted in any court of . . . a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition . . . ." *See* 18 U.S.C. § 922(g)(1). Because Porter's indictment sufficiently tracked the language of the statute, he is entitled to no relief on his claims that the district court lacked jurisdiction to accept his guilty plea and that the government lacked jurisdiction to bring forth the indictment.

### 2.     Validity of Guilty Plea

The Eleventh Circuit has held that *Rehaif* challenges should be reviewed for plain error. *See, e.g., United States v. Scott*, 828 F. App'x 568, 571 (11th Cir. 2020); *United States v. Bates*, 960 F.3d 1278, 1296 (11th Cir. 2020); *McLellan*, 958 F.3d at 1118-20. "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). "For the third prong of plain error review, the defendant ordinarily must show a reasonable probability that, absent the error, the outcome of the proceeding would have been different." *Scott*, 828 F. App'x at 572. "In the guilty-plea context, that means showing 'a reasonable probability that, but for the error, he would not have entered the plea.'" *Id*. (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

Porter has failed to establish a reasonable probability that he would not have pleaded guilty had he been explicitly informed of the knowledge-of-status requirement. As discussed above, the record contains ample evidence that Porter knew of his felon status

when he possessed the firearm. Moreover, the record is sufficiently clear that the government, if taken to trial, could prove Porter knew of such status. Porter therefore cannot establish a reasonable probability that his plea would have been different but for the alleged *Rehaif* error. *See Reed*, 941 F.3d at 1022 (finding that where the record clearly demonstrates that it would be implausible for the defendant to not have known his felony status, a *Rehaif* error does not affect his substantial rights); *see also Innocent*, 977 F.3d at 1082; *United States v. Miller*, 954 F.3d 551, 559 (2d Cir. 2020).

## V. CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Porter be DENIED without an evidentiary hearing and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **by April 18, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning*

17

*Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 4th day of April, 2023.

                            /s/ Kelly Fitzgerald Pate
                            KELLY FITZGERALD PATE
                            UNITED STATES MAGISTRATE JUDGE